UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARAH N. KIM, | § | |
|              *Plaintiff,* | § | |
| | § | CAUSE NO.  5:20-CV-00758 |
| VS. | § | |
| | § | JURY DEMANDED |
| THE BRANDT COMPANIES, LLC | § | |
|              *Defendant.* | § | |
| | § | |
| | § | |

## PLAINTIFF TARAH KIM'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES TARAH N. KIM, Plaintiff, and files this her Original Complaint against the BRANDT COMPANIES, LLC (hereinafter referred to as "Brandt" or "Defendant"), its affiliates, subsidiaries and other related entities, under any name by which they are known, and for her causes of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff Tarah Kim was employed as a Service Account Manager for approximately two years before being terminated by the Defendant Brandt.

2. Brandt falsely claimed that Ms. Kim's termination was due to prolonged poor performance. This claim was false. The truth is that Ms. Kim was terminated by Brandt due to her sex, her pregnancy, the FMLA leave that she took as a result of her pregnancy, and in response to her internal reports of discrimination and harassment.

3. Plaintiff Tarah Kim brings suit against Defendant The Brandt Companies, LLC pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Family and Medical Leave Act, and the Texas Commission on Human Rights Act.

## THE PARTIES

4. Plaintiff TARAH KIM is a Texas citizen and resident of New Braunfels, Texas and a former employee of the Defendant BRANDT COMPANIES, LLC.

5. Defendant BRANDT COMPANIES, LLC is a limited liability company organized under the laws of the State of Texas with its principal place of business in Dallas County, Texas. At all relevant times, the Defendant has continuously had at least fifteen employees. Service may be effectuated on the Defendant by serving its agent for service of process, Kelly A. Carr by hand delivery or certified mail at: 1728 Briercroft Ct. Carrollton, TX 75006.

## FACTS OF THE CASE

6. Plaintiff Kim is a female who was employed by Defendant Brandt for nearly two (2) years, from approximately August of 2017 until August 16, 2019.

7. At all relevant times, Ms. Kim was qualified for her job position.

8. Ms. Kim was employed as a Service Account Manager in Brandt's Schertz, Texas office.

9. At all relevant times, Ms. Kim was the only female Service Account Manager in her office.

10. In or around August of 2018, a new supervisor -- Jim Stagg -- took over supervision of the Service Account Managers in the Schertz office, including supervision of Ms. Kim.

11. In August of 2018, Ms. Kim informed Mr. Stagg that she was pregnant. Prior to this timeframe, Ms. Kim had not been informed of any perceived issues or problems with her job performance.

12. In October of 2018, Mr. Stagg told Ms. Kim that a male coworker "had an issue" with the way she did her job. Seeking more information about what the issue might be, Ms. Kim had a meeting with the male employee alleged to have an issue with her. A member of Brandt's HR staff attended the meeting as well. Mr. Stagg, obviously unhappy with the fact that Ms. Kim pursued the matter and involved HR, reprimanded Ms. Kim for having this meeting.

13. Ms. Kim's job position was sales-related and she had a number of accounts at any one time. In December of 2018, Mr. Stagg informed Ms. Kim that her accounts would be "transitioned" to other account managers to be "watched over" during her maternity leave.

14. Ms. Kim was on maternity leave from January 23, 2019 until March 27, 2019. Her maternity leave was covered by the FMLA and her leave was designated as such by the Company.

15. Upon her return from FMLA-covered maternity leave, her supervisor (Jim Stagg) refused to allow Ms. Kim to return to her job position. Instead, he offered her a clerical/administrative position and a pay cut.

16. Ms. Kim went to Brandt's HR personnel to report the fact that she had been denied a return to her job position following her pregnancy-related FMLA leave and that she felt she was being targeted due to her FMLA/pregnancy leave. Brandt's Regional HR

Director reversed the pay cut originally proposed by Stagg but left the demotion in place.

17. Following Ms. Kim's internal report, Mr. Stagg became more hostile and began to harass Ms. Kim. He made statements to the effect that he needed to be careful what he did or said around her so that he did not get sued. He also made negative remarks about the fact that she needed to go into a room to pump breast milk each day. He stated he had done his own independent internet research regarding breast pumping and that, based on his research, Ms. Kim was taking too long to pump breast milk.

18. Once again, Ms. Kim reported Mr. Stagg's misconduct to Defendant's HR personnel. However, on information and belief, no action was taken against Mr. Stagg as a result of the report.

19. Finally, in July of 2019, Ms. Kim was allowed to begin transitioning back to her position in outside sales. However, very few of her existing accounts were returned to her. Instead, the accounts that Ms. Kim had developed during her time at Brandt were given to her male counterparts.

20. Then on August 16, 2019 – only a few weeks after finally being allowed to start working in outside sales again -- Ms. Kim was terminated by Brandt for the stated reason of lack of sales. This stated reason was obviously false given the fact that Ms. Kim's sales accounts had been stripped from her and distributed to male account managers in the office.

21. On information and belief, Ms. Kim was replaced by a male hire soon after her termination from the company.

## CAUSES OF ACTION

### COUNT I - TITLE VII DISCRIMINATION

22. The preceding paragraphs are hereby incorporated by reference.

23. Plaintiff Kim is female and a member of a protected class because of her sex and pregnancy status.

24. Defendant has engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") 42 U.S.C. § 2000e *et seq*. These practices include but are not limited to harassing the Plaintiff, denying the Plaintiff return to her former job position following pregnancy leave, and discharging the Plaintiff based on her sex/pregnancy.

25. The effect of the discrimination complained of above has been to deprive Plaintiff Kim of equal employment opportunities and to otherwise affect Plaintiff's status as an employee because of Plaintiff's sex/pregnancy.

### COUNT II - TCHRA DISCRIMINATION

26. The preceding paragraphs are hereby incorporated by reference.

27. Plaintiff Kim is female and a member of a protected class because of her sex and pregnancy status.

28. Defendant has engaged in unlawful employment practices in violation of Texas Commission on Human Rights Act, (hereinafter "TCHRA")Tex. Lab. Code Ann. § 21.001 *et. seq*. These practices include but are not limited to harassing the Plaintiff, denying the Plaintiff return to her former job position following pregnancy leave, and discharging the Plaintiff based on her sex/pregnancy.

29. The effect of the discrimination complained of above has been to deprive Plaintiff Kim of equal employment opportunities and to otherwise affect Plaintiff's status as an employee because of Plaintiff's sex/pregnancy.

### COUNT III - TITLE VII RETALIATION

30. The preceding paragraphs are hereby incorporated by reference.

31. The actions of Defendant as outlined above also constitute retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") 42 U.S.C. § 2000e *et seq.* Specifically, Defendant retaliated against Plaintiff for her reporting of and opposition to a discriminatory practice, including but not limited to her opposition to Mr. Stagg's harassment of her and discrimination against her due to her sex/pregnancy. Defendant's retaliation included but was not limited to discharging the Plaintiff.

32. The effect of the retaliation complained of above has been to deprive Plaintiff Kim of equal employment opportunities and to otherwise affect Plaintiff's status as an employee because of Plaintiff's protected activity.

### COUNT IV - TCHRA RETALIATION

33. The preceding paragraphs are hereby incorporated by reference.

34. The actions of Defendant as outlined above also constitute retaliation in violation of the Texas Commission on Human Rights Act, (hereinafter "TCHRA")Tex. Lab. Code Ann. § 21.055 *et. seq.* Specifically, Defendant retaliated against Plaintiff for her reporting of and opposition to a discriminatory practice, including but not limited to her opposition to Mr. Stagg's harassment of her and discrimination against her due to her

sex/pregnancy. Defendant's retaliation included but was not limited to discharging the Plaintiff.

35. The effect of the retaliation complained of above has been to deprive Plaintiff Kim of equal employment opportunities and to otherwise affect Plaintiff's status as an employee because of Plaintiff's protected activity.

## COUNT V - FMLA INTERFERENCE AND RETALIATION

36. The foregoing paragraphs are hereby incorporated by reference.

37. In violation of 29 U.S.C. sec. 2601 et seq., Defendant interfered with Ms. Kim's FMLA leave and retaliated against her for engaging in protected activities under the FMLA by refusing to return her to the same position she maintained prior to her FMLA leave and by terminating her employment because she took FMLA-protected leave.

38. Kim suffered an adverse employment action in the form of termination. There was a causal connection between Kim's FMLA and her termination.

39. Defendant's stated reason for discharge was false.

40. The effect of Defendant's wrongful conduct has been to deprive Ms. Kim of equal employment opportunities and to otherwise affect her status as an employee based on her utilization of the protections provided by the FMLA.

## DAMAGES

41. As a proximate result of Defendant's actions, Plaintiff Kim seeks damages and other relief for harms and losses as follows:

   a. back pay;
   b. lost benefits in the past and in the future;
   c. damages for non-pecuniary losses, including emotional pain, suffering, inconvenience, damage to her good name and reputation, mental anguish, and loss of enjoyment of life in the past and in the future;

    d.    equitable relief:

        i) an order of reinstatement or, if reinstatement is impracticable, front pay in an amount the Court deems equitable and just to make Plaintiff whole;

        ii) an injunction ordering Defendant to implement a new training program to train management on how to properly return employees to work following FMLA leave and/or pregnancy leave;

        iii) an injunction ordering Defendant to include a copy of the verdict in Ms. Kim's personnel file.

    e.    liquidated damages equal to the actual damages awarded plus interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    f.    punitive damages;

    g.    reasonable attorney's fees, expert fees, other litigation expenses, and court costs; and

    h.    pre-judgment interest.

## VICARIOUS LIABILITY

42. Defendant is responsible for the acts and/or omissions of its agents and employees, including Mr. Jim Stagg, under the theory of *respondeat superior*, vice-principal, apparent/ostensible agency, and/or agency by estoppel as those concepts are understood under applicable law.

## JURISDICTION AND VENUE

43. The Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367, based upon federal question subject matter jurisdiction. Personal jurisdiction over the Defendant is proper in Texas because the Defendant is a Texas resident incorporated in Texas and/or maintains its principal place of business in Texas.

44. Venue is proper in the San Antonio Division of the Western District of Texas under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this lawsuit occurred in the San Antonio Division.

## ADMINISTRATIVE PREREQUISITES

45. Plaintiff has fulfilled all conditions precedent to filing of this suit under the applicable statutes and has duly exhausted all administrative prerequisites prior to instituting this action in accordance with the law. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission – Civil Rights Division within 180 days of the date of her termination. Plaintiff has been issued a Right to Sue Letter by the EEOC and this suit is being filed within 90 days of Plaintiff's receipt of said Right to Sue Letter.

## JURY DEMAND

46. Plaintiff respectfully requests that this Court impanel a lawful jury to hear this case.

## PRAYER

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff Tarah Kim prays that the Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiff against Defendant for backpay, front pay or reinstatement, compensatory damages, injunctive relief, expert fees, and attorney's fees, together with pre- and post-judgment interest at the highest rate allowed by law; costs of court; and all such other and further relief at law or at equity to which the Plaintiff may be entitled.

Respectfully submitted,

By: /s/ *Christopher J. McKinney*
CHRISTOPHER MCKINNEY
State Bar No. 00795516
THE MCKINNEY LAW FIRM, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
Telephone:   (210) 832-0932
Email: chris@themckinneylawfirm.com